**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KENNETH V. IACONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 05-228-KAJ |
| v. | ) |
| | ) |
| SMYRNA DCC, C/O SCOTT, | ) |
| WARDEN THOMAS CARROLL, | ) |
| and JOHN DOES, | ) |
| | ) |
| Defendants. | ) |

**STATE DEFENDANTS SMYRNA DCC, C/O SCOTT AND
WARDEN THOMAS CARROLL'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF THE MOTION TO DISMISS**

**STATEMENT OF FACTS**

1.  Plaintiff Kenneth V. Iacone ("Iacone" or "Plaintiff") was an inmate at Delaware Correctional Center ("DCC"). Plaintiff was released from DCC in January 2006. He is appearing *pro se* in this matter with leave to proceed *in forma pauperis*.

2.  On April 18, 2005, Iacone filed a complaint (D.I. 2) (the "Complaint") against Smyrna DCC and Correctional Officer Francis Scott ("Scott"). Subsequently on December 8, 2005, Plaintiff amended his Complaint (D.I. 22, 24) (the "Amended Complaint" and together with the "Complaint," the "Complaints") to add Warden Thomas Carroll ("Carroll" and together with "DCC" and "Scott," the "State Defendants"). Plaintiff also added several John Does.[1]

---

[1] The John Does are not represented by the State Defendants' Motion to Dismiss.

3. Iacone alleges in his Complaints that on or about March 19 or 20, 2005, a fire was started on the B-Tier of DCC. Plaintiff does not allege that any of the State Defendants caused the fire.

4. Plaintiff contends that Officer Scott was the officer on the B-Tier at the time of the fire. Plaintiff claims that upon seeing the fire, Officer Scott called the shift commanders office. Defendants assert that Officer Scott continued to call the shift commanders office to report the fire and to receive instructions on how to proceed with handling the emergency.

5. Iacone next alleges that some time during the course of the incident, an unidentified officer came and released him from his cell. Then Officer Scott, along with a few unidentified officers, escorted Iacone and the other inmates from their cells into another room – a cafeteria.

6. Plaintiff avers that eventually he was placed back into his cell where he could still smell smoke. Some time later Plaintiff was again released from his cell to attend breakfast. Plaintiff claims that he was in his cell for approximately one and a half hours, during which time he smelled smoke.

7. Iacone asserts that throughout the course of the incident he asked Officer Scott if he could go to "medical" because of alleged chest pains he was experiencing. Plaintiff claims Officer Scott refused to send him to medical during the time of the emergency, however, Officer Scott instructed the Plaintiff to fill out a medical slip. Plaintiff followed Officer Scott's instructions and filled out a medical slip.

8. According to the Complaints, a few days later, on or about March 23, 24 or 25, Plaintiff was seen by medical personnel. Plaintiff claims that an X-ray was

taken of his chest. At the time of the Complaints, Plaintiff contends that he had yet to receive the results of his X-ray.

9. Iacone claims that the State Defendants have violated his Eighth Amendment rights and the State's fire code. He asserts that he is entitled to a declaratory judgment and damages.

10. On March 27, 2006, the State Defendants filed a Motion to Dismiss Plaintiff's Complaints for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Motion"). The State Defendants assert several reasons for dismissing Plaintiff's Complaints. First, Plaintiff's Complaints fail to allege any personal involvement on the part of Warden Carroll in the incident. Second, the Complaints fail to show that Plaintiff's Eighth Amendment rights have been violated. Third, Plaintiff has not made out a claim for a violation of the fire code. Finally, the State Defendants are entitled to immunity in their official and individual capacities for any alleged liability. This is the State Defendants' Memorandum of Points and Authorities in Support of the Motion to Dismiss.

## MEMORANDUM OF LAW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In reviewing a motion to dismiss the Court asks whether, "'the facts alleged in the complaint, even if true, fail to support the ... claim.'" *Id.* (quoting *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3d Cir. 1988)). A court must grant a motion to dismiss where "after accepting as true all of the facts alleged in the complaint, and drawing all reasonable inferences in the plaintiff's favor, no relief could be granted under any set of facts consistent with the

allegations of the complaint." *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Incorporated*, 140 F.3d 478, 483 (3d Cir. 1998). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." *Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). Given that no set of facts support any of Plaintiff's claims against the State Defendants, the Motion to Dismiss should be granted.

I. **PLAINTIFF'S COMPLAINTS FAIL TO ALLEGE ANY PERSONAL INVOLVEMENT BY DEFENDANT CARROLL.**

Iacone claims that Warden Carroll is liable for violating his alleged constitutional rights. The Complaints, however, fail to mention any personal involvement by Defendant Carroll. Therefore the claims against Defendant Carroll should be dismissed.

To establish a civil rights claim under 42 U.S.C. § 1983 a plaintiff must prove that, (1) the conduct complained of was committed by a person acting under color of state law; and (2) the plaintiff was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley v. Jeffes*, 777 F.2d 143, 145 (3d Cir. 1985). To support a claim for a civil rights violation a plaintiff must show that the defendant had personal involvement in the alleged wrongs. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover a plaintiff must prove that the accused official "played an affirmative role in the deprivation of the plaintiffs' rights, i.e., there must be a causal link between the actions of the responsible officials named and the challenged misconduct." *Pennsylvania v. Porter*, 659 F.2d 306, 336 (3d Cir. 1981).

In this case, Iacone has failed to allege any personal involvement on the part of Defendant Carroll. In fact, Plaintiff's Complaints never mention Warden

Carroll's name at all except in the caption and in the request for relief. Plaintiff's Complaints fail to allege that Warden Carroll played an affirmative role in the alleged deprivation of his constitutional rights. Thus Plaintiff has failed to establish the required causal link between Defendant Carroll and Plaintiff's alleged loss of rights. Given that Plaintiff has not alleged that Warden Carroll was personally involved in the fire and his alleged injuries, Plaintiff cannot support a claim against Defendant Carroll under § 1983. Therefore the case against Defendant Carroll should be dismissed.

**II.    PLAINTIFF'S EIGHTH AMENDMENT RIGHTS HAVE NOT BEEN VIOLATED.**

Plaintiff asserts that the "physical and mental abuse of the plaintiff by defendants Scott and other John Doe's violated the plaintiff's rights under the Eighth Amendment to the United States Constitution." Amended Complaint at 2.A.1. As previously mentioned to establish a claim under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a right or privilege secured by the Constitution or the laws of the United States. *Riley*, 777 F.2d at 145. In this case, Iacone cannot demonstrate that he was deprived of his Eighth Amendment rights, therefore this case should be dismissed.

"'[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 31 (1993)). A prison official violates the Eighth Amendment only when two conditions are met. "First, the deprivation alleged must be, objectively, 'sufficiently serious ….'" *Farmer*, 511 U.S. at 832 (quoting *Wilson v. Seither*, 501 U.S. 294, 298 (1991)). Second, "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment. To violate the Cruel and Unusual Punishments Clause, a prison official must have a

'sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmates heath or safety." *Farmer*, 511 U.S. at 834 (internal citations omitted).

Under a deliberate indifference standard, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety…." *Farmer*, 511 U.S. at 837. To be held liable for an Eighth Amendment violation an official, "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. Moreover, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. A prison official's duty under the Eighth Amendment is to ensure 'reasonable safety.'" *Id.* at 844 (quoting *Helling*, 509 U.S. at 33). A prison official who acts reasonably is not liable under the Cruel and Unusual Punishments Clause. *Id.*

In *Farid v. Scully*, 1985 WL 237 (S.D.N.Y. Jan. 29, 1985), a plaintiff commenced an action against state correctional officers under 42 U.S.C. § 1983. Plaintiff alleged, *inter alia*, that the prison officials "'intentionally' failed to evacuate inmates when smoke was covering the area." *Farid*, 1985 WL 237, at \*2. Defendants filed a motion for summary judgment. In granting Defendants' summary judgment motion the court held,

> Plaintiff has failed to allege that prison officials held inmates in their cells for a malicious purpose or that their conduct resulted in the unnecessary infliction of pain in light of what was admittedly an emergency fire situation.

> In such circumstances, substantial deference is owed prison officials' judgment in weighing the competing demands of the emergency: in this case, the need to evacuate prisoners, contain the fire and maintain prison discipline. In the absence of allegations that prison officials' 'intention' to leave prisoners in their cells was the product of callousness or maliciousness, the Court finds that leaving prisoners in their cells for a short period while smoke surrounds the area does not rise to the level of cruel and unusual punishment.

*Id.*

Plaintiff never alleges in his Complaints that he feared he was in danger of death or harm as a result of the fire. Moreover the Complaints fail to state that Plaintiff believed he was in danger of death as a result of inhaling smoke. Rather Plaintiff's Complaints seem to allege that Plaintiff was unhappy and uncomfortable with having to smell smoke for a period of time and that he may have received some injury as a result. Thus Plaintiff has not proven that the risk to his health and safety was substantial.

Moreover even if the risk was substantial, Officer Scott responded reasonably to the risk. Plaintiff states that Officer Scott repeatedly called his shift commander. Defendants assert that Officer Scott was calling his shift commander to receive instruction on how to handle the emergency situation. Further Plaintiff admits that Officer Scott and the other officers eventually evacuated Plaintiff from his cell and removed him to a separate room. Thus Officer Scott responded reasonably to the risk to Plaintiff's health and safety.

The fire in this case was an emergency situation. Plaintiff never states that Officer Scott intentionally left Plaintiff in his cell to cause him harm. Rather Plaintiff's Complaints seem to indicate that Officer Scott attempted to respond to the situation by obtaining assistance to secure and evacuate the Plaintiff as well as the other inmates. Thus Officer Scott acted reasonably in the situation. Although Plaintiff may not have

been evacuated in as quick a manner as he would have liked Officer Scott handled the emergency situation in a reasonable manner.

As the court stated in *Farid*, the Defendants in this case were dealing with "the competing demands of the emergency: … the need to evacuate prisoners, contain the fire and maintain prison discipline." *Farid*, 1985 WL 237, at *2. The Defendants responded reasonably to the fire, smoke and potential harm to the inmates. Therefore Plaintiff has no basis for his Eighth Amendment claim and the case should be dismissed.

### III.    PLAINTIFF DOES NOT HAVE A CLAIM BASED ON AN ALLEGED VIOLATION OF THE FIRE CODE.

In his Amended Complaint, Plaintiff briefly states that he is requesting a declaratory judgment that "defendants Scott, and other John Does … didn't follow proper procedure to [sic] fire code under state law." Amended Complaint at ¶ 2.A.1. Plaintiff does not have a valid claim for violation of the fire code.

To establish a claim against a government official in his individual capacity a plaintiff, "must allege specific conduct giving rise to a constitutional violation." *Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (citing *Anderson v. Pasadena Indep. Sch. Dist.*, 184 F.3d 439, 443 (5th Cir. 1999)). "[I]f a plaintiff presents only vague and conclusory allegations, the complaint should be dismissed." *Riley*, 777 F.2d at 148.

Plaintiff's Complaints fail to present any specific allegations giving rise to a violation of the fire code. Plaintiff has failed to allege which portions of the fire code have allegedly been violated. Further Plaintiff has not stated how the State Defendants violated the fire code. Rather Plaintiff makes a vague and cursory allegation that the

State Defendants violated the fire code. Plaintiff has provided no proof to support his bald assertions. Therefore the Complaints should be dismissed.

Further even if Plaintiff's cursory statement is sufficient to state a claim, Plaintiff's claim of a violation of the fire code is not based upon a constitutional violation. As such it is improperly brought as a claim under § 1983. Therefore the claim should be dismissed.

### IV.    STATE DEFENDANTS ARE IMMUNE FROM LIABILITY FOR PLAINTIFF'S CLAIMS.

A review of the allegations in Plaintiff's Complaints reveals that the State Defendants are immune from liability in this case in their official and individual capacities.

#### A. The Eleventh Amendment protects the State Defendants from liability in their official capacities.

Plaintiff's Complaints appear to allege that the State Defendants are liable in their official capacities as the Complaint names, Smyrna D.C.C., Defendant Carroll as Warden Thomas Carroll, and Defendant Scott as C/O Scott. To the extent Plaintiff seeks to hold the State Defendants liable in their official capacities, the State Defendants are immune from liability under the Eleventh Amendment.

The Eleventh Amendment states that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The United States Supreme Court has held that the Eleventh Amendment immunizes a state "from suits brought in

federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

"The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed." *Neeley v. Samis*, 183 F.Supp.2d 672, 678 (D. Del. 2002). The United States Congress can waive a state's sovereign immunity, and therefore, its Eleventh Amendment immunity through the Fourteenth Amendment, however, a clear indication of Congress's intent to waive the state's immunity is required. *Id.* No such clear intent can be found in 42 U.S.C. § 1983. In fact, Congress's intent appears to be to the contrary as the statute facially allows suits only to be brought against persons. 42 U.S.C. § 1983.

A suit against a state official in his official capacity is treated as a suit against the State. *Hafer v. Melo*, 502 U.S. 21 (1991). Under federal law, the State Defendants, in their official capacities, are not "persons" for purposes of 42 U.S.C. § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Consequently, they are outside the class of persons subject to liability under 42 U.S.C. § 1983 and this Court lacks jurisdiction over the State Defendants in their official capacities. Therefore dismissal is appropriate.

### B. The doctrine of qualified immunity protects Defendants Carroll and Scott from liability in their individual capacities.

Plaintiff cannot maintain an action against Defendants Carroll and Scott in their individual capacities pursuant to the doctrine of qualified immunity. Government officials performing discretionary functions are immune from liability for damages, provided that their conduct does not violate "clearly established statutory or

constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A right is clearly established when, "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Furthermore, state defendants are entitled to qualified immunity where they acted in good faith, without gross or wanton negligence, in the performance of their discretionary duties. *Vick v. Haller*, 512 A.2d 249, 252 (Del. Super. 1986).

In this case, Defendants Carroll and Scott could not have been aware that they were violating the Plaintiff's constitutional rights. Defendant Carroll was not involved in the incident and Defendant Scott reasonably responded to the emergency situation. Thus Defendants Carroll and Scott cannot be held liable for violating Plaintiff's constitutional rights, and they are immune from liability.

WHEREFORE, State Defendants DCC, Carroll and Scott respectfully request that this Honorable Court grant the Motion to Dismiss and dismiss all claims against them with prejudice.

          STATE OF DELAWARE
          DEPARTMENT OF JUSTICE

          */s/ Erika Y. Tross*
          Erika Y. Tross (#4506)
          Deputy Attorney General
          820 North French Street, 6th Floor
          Wilmington, Delaware 19801
          (302)577-8400
          Attorney for Defendants Smyrna DCC, C/O Scott and Warden Thomas Carroll

Dated: March 27, 2006

# **CERTIFICATE OF SERVICE**

I, Erika Y. Tross, Esq., hereby certify that on March 27, 2006, I caused a true and correct copy of the attached ***State Defendants Smyrna DCC, C/O Scott and Warden Thomas Carroll's Memorandum of Points and Authorities in Support of the Motion to Dismiss*** to be served on the following individual in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT:**

Kenneth V. Iacone
234 Brenford Station Road
Smyrna, DE 19977

**MANNER OF DELIVERY:**

___One true copy by facsimile transmission to each recipient

_✓_Two true copies by first class mail, postage prepaid, to each recipient

___Two true copies by Federal Express

___Two true copies by hand delivery to each recipient

                                         */s/ Erika Y. Tross*
                                         Erika Y. Tross (#4506)
                                         Deputy Attorney General
                                         Delaware Department of Justice
                                         Carvel State Office Building
                                         820 N. French Street, 6th Floor
                                         Wilmington, DE 19801
                                         302-577-8400